SAMUEL MANKOWITZ, RESPONDENT, v. COSIMO IARUSSI, APPELLANT.

Submitted July 1, 1920—Decided November 3, 1920.

1. The action of the Court of Common Pleas in dismissing an appeal from the judgment of a court for the trial of small causes cannot be put under review in this court by an appeal in the nature of a writ of error. The proper method to review such an action of the court is by *certiorari.*
2. The statute permitting an appeal from a judgment in the court for the trial of small causes prohibits the justice from granting an appeal unless notice thereof be given within twenty days and the required bond filed. Under this statute the appeal must be perfected and granted within the time limited by the statute, and an appeal is not perfect until the proper bond is filed, and an appeal to the Court of Common Pleas granted by the justice, where the bond was not filed within time for taking an appeal, was properly dismissed by the Court of Common Pleas.

On appeal from the Union County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the appellant, *J. Victor D'Aloia.*

For the respondent, *Elias A. Kanter.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought his suit, in a court for the trial of small causes, to recover for goods sold and delivered. By consent of the parties the trial was adjourned, and on the adjourned day, no one appearing for the defendant, the plaintiff proved his case and the court entered a judgment in his favor. This was on March 19th, 1919, and on April 8th next, defendant filed a notice of appeal, but did not file a bond required by the act until April 14th, 1919, twenty-six days after the judgment was entered. The justice approved the bond, filed it, and granted the defendant an appeal to the Court of Common Pleas of Union county. In that court the plaintiff moved to dismiss the appeal because the bond was not filed within twenty days after the judgment was entered as required by law. 3 *Comp. Stat., p.* 3004. By the terms of that statute either party may appeal to the Court of Common Pleas from a judgment entered in the court for the trial of small causes, "upon filing a notice of appeal with the justice within twenty days after judgment shall be given * * * on the following and no other terms; that is to say, if the judgment appealed from be one entered against the party demanding the appeal, or if there be in the action an offset against his demand, then the appellant shall file with the justice a bond to the other party." The Union County Court of Common Pleas dismissed the appeal, and from that order defendant has appealed to this court. An appeal to this court from the Court of Common Pleas to review an alleged legal error is, in its nature, a writ of error, and the action of the Court of Common Pleas relating to an appeal from a judgment of a court for the trial of small causes is not reviewable by such an appeal but by *certiorari,* and, therefore, the appeal in this case being without legal basis must be dismissed. Even if the cause was properly here, we agree with

the construction of the law adopted by the judge of the Court of Common Pleas. The law requires an appeal to be taken within twenty days after judgment, and that includes the giving of the bond, for without the bond the justice is not authorized to grant the appeal. An appeal from the judgment of a court for the trial of small causes is not perfected until the bond is given, and, as the statute requires the appeal to be taken within twenty days after judgment, the justice had no authority to grant the appeal unless it is perfected by the giving of a bond within the statutory limit. For both reasons this appeal will be dismissed, with costs.